IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN B. McGREGOR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. KERESTES, et al.** | : | **NO. 11-7570** |

### ORDER

**AND NOW**, this 23rd day of May, 2012, after careful review and independent consideration of the Petition for Writ of Habeas Corpus (Doc. Nos. 1, 3.), Petitioner's "Memorandum of Law in Support of 2254 Petition," (Doc. No. 7), and the responses thereto, and after review of the Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells, and Petitioner's objections thereto, it is hereby **ORDERED** that:

1. Plaintiff's objections (Doc. No. 15) are **OVERRULED**;[1]

---

[1] In his petition, McGregor asserted: (1) that trial counsel was ineffective for unspecified reasons; (2) that trial counsel was ineffective for failing to correct his prior record score at sentencing; and (3) an unspecified constitutional violation. Chief Magistrate Judge Wells recommended that the petition be dismissed and denied based upon her conclusions that claims one and three lacked sufficient specificity to justify relief, and that claim two was without merit. (R&R, p. 3.) Petitioner has objected to these recommendations.

Petitioner objected to the Judge Wells' conclusion that claims one and three lack specificity by providing an explanation of those claims that is not present in his petition. Generally, "new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Loc.R.Civ.Pro. 72.1.IV(c). Even considering the explanations provided by Petitioner, it remains clear that claims one and three do not justify issuance of the writ.

Petitioner asserts that he intended to raise, in claim one, the same ineffectiveness claim that was submitted in his Post Collateral Relief Act ("PCRA") petition—namely, that trial counsel was ineffective for failing to correct his prior record score. (See PCRA App. Br., Resp. Ex. F, pp. 18-23.) This claim of ineffectiveness is identical to the one raised in claim two, and, as explained below, is without merit. In his explanation of claim three, Petitioner asserts that the PCRA Court's refusal to re-sentence him violated the Fourteenth Amendment because his original sentence was based upon

an incorrect prior record score. (Obj., pp. 11-12.) Claims of error at the collateral relief stage are not cognizable on habeas review. Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) (citing Hassine v. Zimmerman, 160 F.3d 941 (3d Cir. 1998)). Further, to the extent Petitioner means to claim that the trial court's sentencing itself violated the Fourteenth Amendment, no such claim has been presented to the state courts on either direct appeal or collateral review. (See App. Br., Resp. Ex. B, pp. 11-12 (challenging sentence only under Pennsylvania law); PCRA App. Br.) Accordingly, a direct challenge of the trial court's sentencing is unexhausted, and is now procedurally defaulted by virtue of the PCRA's one year statute of limitations. See 42 Pa.C.S. § 9545(b) (requiring PCRA actions to be "filed within one year of the date the judgment becomes final.")

Petitioner has also objected to the Judge Wells' recommendation that his claim of trial counsel ineffectiveness be denied. The state court denied relief as to this claim on the merits, finding that Petitioner could not show that he was prejudiced by counsel's failure to correct his prior record score. Judge Wells recommended that the claim be denied under the deferential standard articulated in 28 U.S.C. § 2254. Our review of the state court's decision, and Judge Wells' recommendation, raises questions as to whether the correct legal standard has been applied to this claim.

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant is prejudiced by his counsel's deficient performance at sentencing if "but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." Porter v. McCollum, 130 S.Ct. 447, 453 (2009). Even "a minimal amount" of additional time in prison can constitute prejudice. Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance.").

Neither the Superior Court, the PCRA Court, nor Judge Wells appears to have applied the Strickland standard articulated above. The PCRA Court did not refer to the Strickland prejudice standard at all, and denied Petitioner's claim because it failed to "raise a substantial question regarding the court (sic) sentencing discretion." Comm. v. McGregor, No. CP-51-CR-0110131 (Pa. Comm. Pls. Jan. 29, 2010) (citing Comm. v. Phillips, 946 A.2d 103 (Pa. Super. 2008) (reviewing sentence on direct appeal)). The PCRA judge, who was also the original sentencing judge, stated that he "specifically recalled the facts of this case," and, based upon the severity of the crime, "was not persuaded that the fact defendant did not have a prior record warranted a change in sentence." Id. Similarly, the Superior Court appears to have applied an abuse of discretion standard that is normally used to decide a direct challenge to a judgment of sentence. Comm. v. McGregor, No. 2082 EDA 2009, slip op. at 5 (Pa. Super. Ct. Feb. 22, 2011) ("[In reviewing Petitioner's claim,] we are cognizant that sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion.") Finally, Judge Wells characterized the question of prejudice as "[w]hether the trial court followed the proper sentencing procedures," which, she noted, "implicates state, not federal law." She therefore found that this Court is bound by the state court's decision, and concluded that Petitioner could not establish prejudice.

2

2. The Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells ("R&R") (Doc. No. 9) is **APPROVED** and **ADOPTED**, consistent with this Order;

3. The Petition for Habeas Corpus is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING**;

4. There is no probable cause to issue a certificate of appealability;

5. The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____

**MITCHELL S. GOLDBERG, J.**

---

None of the courts that have considered whether Petitioner's counsel was ineffective for failing to correct his prior record score directly indicated that they applied the "reasonable probability" prejudice standard articulated in Strickland. Accordingly, in an abundance of caution, we consider his claim de novo.

In doing so, we find that Petitioner has failed to establish prejudice under the Strickland standard. The conviction at issue was for a minor drug offense committed as a juvenile, and it is extremely unlikely that it played any role in the court's sentencing determination. The conviction was hardly mentioned at the sentencing hearing, except to say that it was disputed. Indeed, it is unclear whether the court even considered the conviction in rendering Petitioner's sentence. Further, Petitioner's criminal history played almost no role in counsels' arguments, which focused instead on the nature and circumstances of the crime. The prosecutor mentioned the conviction only once, and only to argue that "even if you take that out and don't consider that, there's plenty here for this court to give the maximum sentence for taking the life of Jean Chenet, who was a completely innocent victim in this case." (N.T. Sentencing, 2/11/2002, p. 16.) Finally, the conviction's inclusion in the guideline calculation did not change the upper limit of the recommended sentencing range, which the court imposed as Petitioner's sentence. Under these circumstances, we cannot conclude that there is a reasonable probability under Strickland that Petitioner's sentence would have been different had defense counsel made sure to correct his criminal record. As such, his claim of ineffective assistance of counsel is without merit.